# REGISTER OF ACTIONS
## CASE NO. D-504-CV-2016-00782

| Laura Johnson v. 21st Century Centennial Insurance Company | § | | Case Type: | **Tort Auto** |
| --- | --- | --- | --- | --- |
| | § | | Date Filed: | **12/07/2016** |
| | § | | Location: | |
| | § | | Judicial Officer: | **Hudson, James M.** |
| | § | | | |
| | § | | | |
| | § | | | |

---

### PARTY INFORMATION

|  |  | **Attorneys** |
| --- | --- | --- |
| **Defendant** | **21st Century Centennial Insurance Company** | |
| | c/o Office of Superintendent of Insurance | |
| | P.O. Box 1689 | |
| | Santa Fe, NM 87504-1689 | |
| | | |
| **Plaintiff** | **Johnson, Laura** | **Erik Ryne Hutcheson** |
| | 1220 Ave K | *Retained* |
| | Lubbock, TX 79401 | 806-744-4477(W) |

---

### EVENTS & ORDERS OF THE COURT

|  |  |  |
| --- | --- | --- |
| | **OTHER EVENTS AND HEARINGS** | |
| 12/07/2016 | **Cause Of Actions** | Breach of Contract (Plaintiffs Original Complaint for Money Damages) |
| | Filed By: | Johnson, Laura |
| | Filed Against: | 21st Century Centennial Insurance Company |
| | Action Type | Action |
| 12/07/2016 | **Cause Of Actions** | Miscellaneous (Unfair Claims Practices) |
| | Filed By: | Johnson, Laura |
| | Filed Against: | 21st Century Centennial Insurance Company |
| | Action Type | Action |
| 12/07/2016 | **OPN: COMPLAINT** | |
| | *Plaintiffs Original Complaint for Money Damages* | |
| 06/29/2017 | **SUMMONS ISSUED** | |
| | *Summons* | |
| 06/29/2017 | **Summons** | |
| | 21st Century Centennial Insurance Company | Unserved |

---

### FINANCIAL INFORMATION

|  |  |  |  |
| --- | --- | --- | --- |
| **Plaintiff** Johnson, Laura | | | |
| Total Financial Assessment | | | 117.00 |
| Total Payments and Credits | | | 117.00 |
| **Balance Due as of 07/28/2017** | | | **0.00** |
| | | | |
| 12/07/2016 | Transaction Assessment | | 117.00 |
| 12/07/2016 | File & Serve Payment | Receipt # ROSD-2016-5154     Johnson, Laura | (117.00) |

**EXHIBIT A**

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/7/2016 12:58:23 PM
KATIE ESPINOZA
Janet Bloomer

STATE OF NEW MEXICO
COUNTY OF CHAVES
FIFTH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| LAURA JOHNSON<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | No. D-504-CV-2016-00782 |
| 21ST CENTURY CENTENNIAL<br>INSURANCE CO.,<br>Defendant | §<br>§<br>§<br>§ | Case assigned to Hudson, James M. |

# PLAINTIFF'S ORIGINAL COMPLAINT FOR MONEY DAMAGES

COMES NOW, The Plaintiff, LAURA JOHNSON, by and through her attorney of record, E. Ryne Hutcheson, of Davis W. Smith, P.C., and hereby submits her complaint of Breach of Contract and Unfair claim practices and in support thereof, states the following:

<u>Jurisdictional Allegations</u>

1. Plaintiff is a resident of the County of Chaves, State of New Mexico.

2. Upon information and belief, Defendant 21ST CENTURY CENTENNIAL INSURANCE CO. ( a FARMER's INSURANCE GROUP company) is a domestic corporation engaged in the business of providing car insurance to the general public in New Mexico as 21ST CENTURY CENTENNIAL INSURANCE CO..

3. Jurisdiction and venue are properly laid in the District Court of Chavez County, NM, in the Fifth Judicial District Court.

<u>Facts of the Complaint</u>

**EXHIBIT A**

4.  Plaintiff re-alleges all preceding paragraphs of this Complaint, incorporating them by references herein, as if more fully set forth herein.

5.  On or about June 15, 2012, Plaintiff LAURA JOHNSON was operating a 2011 Chevy traveling Northbound in the 200 block of N. Main, Roswell, NM behind an unknown vehicle. CLAUDIA GONZALEZ was operating a 1997 Ford traveling northbound behind the Plaintiff's vehicle. As the unknown vehicle stopped abruptly in front of Plaintiff, Plaintiff also stopped, whereupon CLAUDIA GONZALEZ followed too close and failed to control her speed, striking Plaintiff in the rear. Either contemporaneous with or near the time of such accident, Defendant THAIRE IBARRA also followed too close, failed to control her speed, and collided with CLAUDIA GONZALEZ in the rear. As a result thereof, Plaintiff was caused to suffer serious bodily injuries and damages described with more particularity below.

6.  At all times material hereto said vehicle operated by Plaintiff was insured by Defendant.

7.  As a direct and proximate result of CLAUDIA GONZALEZ and/or the torfeasor's negligence, Plaintiff sustained personal injuries, causing her pain and suffering, and damages in the form of medical and related bills. Upon information and belief, some or all of the injuries are permanent and Plaintiff will incur future medical expenses related to treatment for her injuries and will experience future pain and suffering.

8.  Plaintiff settled her claims with CLAUDIA GONZALEZ for policy limits.

9.  Plaintiff's damages substantially exceed the policy limits for the tortfeasor(s)' insurance policy or such tortfeasor is/was otherwise uninsured/underinsured.

<u>Count 1: Breach of Contract</u>

10. Plaintiff re-alleges all preceding paragraphs of the complaints as if set forth more fully herein.

**EXHIBIT A**

11. Plaintiff has made demands on Defendant for settlement of her claim under the "underinsured/uninsured" component of her insurance policy, which have either been denied or have not been responded to.

12. As a matter of law and upon information and belief, under the terms of the policy issued by defendant (Policy No. 0002081264/claim no. 1021603469-1-2)), Plaintiff was and is an "insured" within the meaning of the law and the terms of the policy issued by Defendant.

13. Defendant is in breach of the insurance contract by denying coverage or failing to provide coverage for Plaintiff's claims.

14. Defendant's failure to confirm or deny Plaintiff's claim constitutes bad faith and warrants the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully prays that Court find Judgment against Defendant for

    A. Compensatory damages in an amount to be determined at trial;

    B. Costs associated with this action:

    C. Attorney's fees, if allowed by law; and for

    D. Such other further reliefs as the Court deems just and proper

## COUNT II: Unfair Claims Practices

15. Plaintiff re-alleges all preceding paragraphs of the Complaint as if set forth more fully herein.

16. Defendant has committed unfair claims practices within the meaning of NMSA 1978, Section 59A-16-20, including, but not limited to:

    A. Failing to acknowledge and act reasonable promptly upon communications with respect to Plaintiff's claim arising under the policy;

**EXHIBIT A**

B.  Failing to affirm or deny coverage of the claim by Plaintiff within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

C.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of any insured claims in which liability has become reasonably, clear; and

D.  Failing to promptly provide the insured a reasonable explanation of the basis relied on in the policy in relation to the factor or applicable law for denial of a claim or for the offer of a compromise settlement.

17. Plaintiff is entitled to recover reasonable attorney's fees under NMSA 1978 section 59A-16-30.

WHEREFORE, Plaintiff respectfully prays the Court find Judgment against Defendant for

A.  Compensatory  damages in an amount to be determined at trial;

B.  Punitive damages in an amount to be determined at trial;

C.  Costs associated with this action;

D.  Attorney's fees, if allowed by law; and for

E.  Such other further relief as the Court deems just and proper.

**EXHIBIT A**

Respectfully submitted,

*DAVIS W. SMITH, P.C.*
Attorneys at Law
1220 Ave. K
Lubbock, Texas 79401
Telephone:  (806)744-4477
Facsimile:  (806) 744-2671
Email: efile@gorillalawfirm.com

By: s/ E. Ryne Hutcheson
        E. RYNE HUTCHESON
        NMSBN: 146298
        Attorneys for Plaintiff

**EXHIBIT A**

| SUMMONS | |
|---|---|
| District Court: 5th Judicial District Court<br><br>Chavez County,<br>New Mexico<br>**Court Address:** 400 N. Virginia<br>Roswell, NM 88201<br>**Court Telephone No: 575-622-2212** | Case Number:  D-504-CV-2016-00782 |
| Laura Johnson,<br>Plaintiff(s)/Petitioners<br>v.<br>21st Century Centennial Insurance Co.<br>Defendant(s)/Respondent | To: Defendant/Respondent<br><br>Name: 21st Century Centennial Insurance Co.<br><br>C/O Office of Superintendent of Insurance<br>Office of Superintendent of Insurance or OSI<br>P.O. Box 1689<br>Santa Fe, NM 87504-1689 |
| ORIGINAL: To Be Returned to Clerk of District Court for Filing. | |

**TO THE ABOVE NAMED RESPONDENT(S):** Take notice that

1. A lawsuit has been filed against you. A Copy of the Lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response you must give or mail a copy to the person(s) who signed the lawsuit.

4.  If you do not respond in writing, the court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to contact a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org : 1-800-876-6657; or 1-505-797-6066.

Date at   Roswell              , New Mexico, this   29th     day of     June          , 2017   .

CLERK OF COURT

By:  *Janet Bloomer*
          Deputy

s/ Ryne E. Hutcheson

Ryne Hutcheson, Attorney for Plaintiff
1220 Ave. K
Lubbock, Texas 79401
Tele: (806)744-4477/Fax: (806)744-2671
Email: efile@gorillalawfirm.com

**EXHIBIT A**

THIS SUMMONS IS ISSUSED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRIC COURTS

## RETURN

STATE OF NEW MEXICO                    )

                                       ) ss

COUNTY OF _____)

(complete the following, unless service by sheriff or deputy)

I, being sworn, state that I am over the age of eighteen (18) years and not a party to this

lawsuit, and that I served this summons in _____ county on the _____ day of

_____, _____, by delivering a copy of this summons, with a a copy of the complaint

attached and an Answer in the following manner (indicate below how served):

 (person serving summons must check one box and fill in appropriate blanks)

[ ] by delivering a copy of this summons, a copy of the complaint and an answer form to the

defendant, _____ (used when defendant receives copy of summons or

refuses to receive summons).

[ ] To the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA(used when service is by mail or commercial courier service)

*After attempting to serve the summons and complaint on the Defendant by personal service or by mail or commercial courier service,*

[ ] by delivering a copy of this summons, a copy of the complaint and an answer form to

_____, a person over fifteen (15) years of age and residing at the usual place

of abode of the defendant, _____, located at

_____ (address) (used when defendant is

not presently at the abode.) and by mailing by first class mail to the Defendant at

_____(insert Defendant's last known mailing address) a copy of the

summons and complaint.

**EXHIBIT A**

[ ]to _____ the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by first class mail to the Defendant at _____(insert Defendant's last known mailing address).

[ ]to _____ an agent authorized to receive service of process for Defendant _____.

[ ]to _____ [parent][guardian][custodian][conservator][guardian ad litem] of Defendant_____(used when Defendant is a minor or incompetent person).

[ ]to _____ (name of person) _____(title of person authorized to receive service. Use this alternative when Defendant is a corporation or an association subject to suit under a common name, a Land Grant Board of Trustees, the State of New Mexico, or any political subdivision)

Fees: _____

_____

Signature of person making service

_____

Title (if any)


Subscribed and sworn to before me this _____day of _____, _____ .

_____

Judge, notary or other officer

authorized to administer oaths

_____

Official title


**EXHIBIT A**

# DAVIS W. SMITH, P.C.

DAVIS W. SMITH

CHARLES W. CROWL III

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1220 AVENUE K
LUBBOCK, TEXAS 79401
Writer's e-mail address:davis@gorillalawfirm.com

Telephone
806-744-4477

Telecopier
806-744-2671

July 21, 2016

Ms. Elaine Black
*Farmers Ins. Co.*
P.O. Box 268994
Oklahoma City, OK 73126

|      | Re: | Insured      | : | Jimmie Johnson |
|------|-----|--------------|---|----------------|
|      |     | Claimant     | : | Laura Johnson  |
|      |     | Claim No.    | : | 1021603469     |
|      |     | Date of Loss | : | 06/15/2012     |

Dear Ms. Black:

My client, LAURA JOHNSON, was involved in an automobile accident of June 15, 2012, in which she sustained serious personal injuries.

The liability carrier for the "at fault driver," Claudia Gonzalez, recently settled with Ms. Johnson.

Due to the severity of her injuries, my client, Laura Johnson, has instructed me to pursue a claim against the underinsured portion of her policy with FARMERS.

This letter and the medical documents already provided to Farmers serve as a demand for uninsured/underinsured motorist benefits pursuant to our client, LAURA JOHNSON'S, policy of insurance with your company. Specifically, we demand benefits in the amount of policy limits.

Under NMSA 1978, Section 59A-16-20, et seq., an insurer has a duty to, 1). acknowledge and act reasonable promptly upon communications with respect to Plaintiff's claim arising under the policy; 2). to affirm or deny coverage of the claim by plaintiff within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured; 3). to act in good faith to effectuate prompt, fair and equitable settlements of any insured claims in which liability has become reasonably, clear; and 4). to promptly provide the insured a reasonable explanation of the basis relied on in the policy in relation to the factor or applicable law for denial of a claim or for the offer of a compromise settlement.

NMSA 1978, Section 59A-16-30 creates a private cause of action for violations of NMSA 1978, Section 59A-16-20, and, should an insurer be found to have acted willfully in violation of the section, the law provides for an award of attorney's fees as well as the imposition of treble damages. NMSA 1978, Section 57-12-10.

**EXHIBIT B**

In order to avoid needless litigation and expense, please promptly respond to our client's demand for uninsured/underinsured motorist benefits.  I ask that you please contact me should you require any additional information to process this claim.

I look forward to your prompt response, I remain

Yours very truly,

DAVIS W. SMITH, P.C.

E. Ryne Hutcheson

ERH/lm

**EXHIBIT B**